**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| | * | |
| In Re: Motion To Intervene and Unseal Search Warrant Records | * | Case No. 8:25-mc-00539-TJS |
| | * | |
| | ******* | |

**UNITED STATES' RESPONSE TO PRESS MOVANTS' MOTION TO UNSEAL**

INTRODUCTION

The United States, through undersigned counsel, respectfully submits this response to the Press Movants'[1] motion, ECF No. 1, to unseal all search warrant-related records in this matter. Because compelling reasons weigh against a blanket unsealing of all warrant-related records, including protecting the privacy of certain individuals and the integrity of an ongoing law enforcement investigation that implicates national security, the United States asks the Court to adopt the proposed redactions submitted concurrently with this filing.

The Press Movants seek access to seven categories of documents: (1) the search warrant and Attachments A and B; (2) the warrant application; (3) all probable cause affidavits filed in support of the warrant application; (4) any motion to seal the warrant-related records; (5) any order sealing the warrant-related records; (6) any warrant return; and (7) any other records filed with this

---

[1] The fifteen organizations collectively referred to as the Press Movants are The New York Times Company, Advance Publications, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, Axios Media Inc., Bloomberg L.P., Cable News Network, Inc., Dow Jones & Company, Inc., publisher of The Wall Street Journal, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBCUniversal News Group, NOTUS (Allbritton Journalism Institute), POLITICO LLC, Reuters News & Media Inc., WP Company LLC d/b/a The Washington Post, and WUSA-TV.

Court in connection with the search warrant[2].  ECF No. 1-1 at 1.  Balancing the public interest against the risk of jeopardizing this criminal investigation related to national security, the United States, concurrent with this filing, will separately move to unseal slightly redacted versions of (1) the search warrant and its two attachments, (2) the warrant application, (3) the motion to seal the warrant-related records, (4) the order sealing the records, and (5) the Property Receipt summarizing materials seized during the search.  The redactions to these documents are necessary to protect the security and privacy of individuals and government personnel.  The United States will also move to partially unseal, subject to narrowly tailored redactions necessary to protect the integrity of this criminal investigation and the national security of the United States, the affidavit supporting the search.

## PROCEDURAL BACKGROUND

On August 22, 2025, the FBI executed a search warrant in Bethesda, Maryland, at the home of John Robert Bolton, II, the former Assistant to the President for National Security Affairs ("APNSA") (also known as National Security Advisor).  On August 26, 2025, the Press Movants filed a motion seeking to unseal all records related to that search warrant.  ECF No. 1.  On August 27, 2025, the Court ordered that the United States' response be filed by September 3, 2025, and the Press Movants' reply be filed by September 10, 2025.  ECF No. 3.

## ARGUMENT

The United States' significant interest in protecting an ongoing national security and criminal investigation outweighs the Press Movants' interests in unsealing the entire affidavit.  The Fourth Circuit has made clear that the "decision to seal or grant access to 'warrant papers is committed to the sound discretion of the judicial officer who issued the warrant' and reviewed for

---

[2] No other such records have been filed with this Court in connection with the search warrant.

abuse of discretion." *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005) (quoting *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989)).  Generally, the press and the public enjoy a *qualified* right of access to judicial proceedings and the judicial records filed therein. *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597-99 (1978); *Goetz*, 886 F.2d at 65.  This qualified right of public access derives from two separate sources—the First Amendment and common law.  *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) (citing *Va. Dep't of State Police v. Washington Post,* 386 F.3d 567, 575 (4th Cir. 2004)).  The Press Movants do not rely on the First Amendment right of access, which is understandable because the Fourth Circuit has expressly rejected claims of a First Amendment right to access legal process documents like search warrants in the pre-indictment stage of an investigation.  *Baltimore Sun Co.,* 886 F.2d at 64-65; *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d at 292.

Turning to the common law, the public's right to access is denied when "outweighed by competing interests," *In re Knight Publ'g Co.,* 743 F.2d 231, 235 (4th Cir. 1984), or a "countervailing government interest," *In re s 2703(d)*, 787 F. Supp. 2d 430, 442 (E.D.V.A. 2011) (citing *Buchanan*, 417 F.3d at 429).  The Fourth Circuit has held that when a criminal investigation is open and active, and the matter has not been indicted, a compelling government interest exists in maintaining the documents under seal.  *See Buchanan*, 417 F.3d at 431 (affirming denial of motion to unseal because "the government's interest in continuing its ongoing criminal investigation outweighs the petitioners' interest in having the document opened to the press and the public"); *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d at 294 ("the common law right of access is outweighed by the Government's interest in maintaining the ongoing investigation"); *In re s 2703(d)*, 787 F. Supp. 2d at 442 (quoting *Washington Post,* 386

F.3d at 574 ("At the pre-indictment phase, 'law enforcement agencies must be able to investigate crime without the details of the investigation being released to the public in a manner that compromises the investigation.'")). Other circuits similarly agree. *See In re EyeCare Physicians of Am.*, 100 F.3d 514, 517-19 (7th Cir. 1996) (affirming denial of motion to unseal because "disclosure of the affidavits might very likely impair the on-going criminal investigation"); *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219-20 (9th Cir. 1989) (affirming denial of motion to unseal because "the ends of justice would be frustrated, not served, if the public were allowed access to warrant materials in the midst of a pre-indictment investigation into suspected criminal activity").

One special concern of unsealing search warrant materials pre-indictment is the chilling effect it could have on grand jury proceedings. *In re EyeCare Physicians of Am.*, 100 F.3d at 518 ("If pre-indictment proceedings were made public, many prospective [grand jury] witnesses would be hesitant to come forward voluntarily."). Indeed, courts recognize that the search warrant process is but an extension of the grand jury process, given that search warrant materials recovered are then presented to the grand jury to determine whether an indictment should be brought. *Times Mirror Co.*, 873 F.2d at 1219-20. Other adverse consequences that could result from unsealing an affidavit when the criminal investigation is still ongoing and no charges have been brought include circumstances in which "the identity of unnamed subjects not yet charged would be revealed; there may be mistaken notions concerning who might and might not be cooperating with the government or who may be subjects; there may be misunderstandings about the parameters of the government's investigation; the privacy of the innocent and the implicated would be threatened; and the cooperation of present and potential witnesses could be compromised or influenced." *In re EyeCare Physicians of Am.*, 100 F.3d at 519*; see also United States v. Sealed Search Warrants*,

868 F.3d 385, 395 (5th Cir. 2017) (noting that unsealing "might endanger or discourage witnesses from providing evidence or testimony" or "could damage an unindicted target's reputation").

Here, all of these concerns are present.  First, this ongoing criminal investigation is still active, with law enforcement reviewing evidence and interviewing witnesses.  ███████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████

                        ██████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████  As the Fourth Circuit has recognized, this alone provides a strong reason for denying the Press Movants' motion.  *Buchanan,* 417 F.3d at 429 (ongoing investigation compelled denial of motion to unseal); *Goetz*, 886 F.2d at 64 (the fact of "continuing investigations" provided a compelling interest against unsealing).

Second, to the extent any of the prospective witnesses are issued subpoenas to appear before the grand jury, it would be highly detrimental to the secrecy and integrity of a grand jury proceeding if the unredacted warrant materials were unsealed before the grand jury had an opportunity to hear the evidence and determine whether charges were warranted. *In re EyeCare Physicians of America*, 100 F.3d at 518 (noting that the chilling effect on a grand jury investigation is reason to deny unsealing of a search warrant affidavit at the pre-indictment stage).

Third, the affidavit contains information not known to the subject of the investigation and to those who may have (knowingly or unknowingly) aided and abetted potential criminal activity. Revealing that information, including specific investigative techniques, will compromise this investigation. *See In re s 2703(d)*, 787 F. Supp. 2d at 442.

These compelling interests are compounded by the fact that this investigation must also ascertain and minimize damage to the national security of the United States.

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████    The fact that this investigation involves

highly classified materials further underscores the need to protect the integrity of the investigation

and exacerbates the potential for harm if information is disclosed to the public prematurely or

improperly.  ███████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████

        In their motion, the Press Movants rely primarily on the decision of Magistrate Judge Bruce

E. Reinhart of the U.S. District Court for the Southern District of Florida in *In re Sealed Search

Warrant,* 622 F. Supp. 3d 1257, 1260-65 (S.D. Fla. 2022).  In that case, the United States initially

requested the continued sealing of the entire warrant affidavit before filing a narrowly tailored

redacted version along with a partially redacted memorandum of law.  *See In re Sealed Search

Warrant*, Case No. 9-22-mj-08332-BER, ECF Nos. 59 and 102.  Here, the United States is

similarly filing a set of narrowly tailored proposed redactions to the affidavit and a partially

redacted memorandum of law.  This Court should adopt the proposed redactions as the court did

in similar circumstances in *In re Sealed Search Warrant*, Case No. 9-22-mj-08332-BER, ECF No.

94 (finding that "the Government has met its burden of showing a compelling reason/good cause

to seal portions of the Affidavit . . ." and that "the Government has met its burden of showing that

its proposed redactions are narrowly tailored to serve the Government's legitimate interest in the

integrity of the ongoing investigation and are the least onerous alternative to sealing the entire Affidavit.")

In sum, the United States recognizes that the circumstances here—a residential search of the home of the former APNSA—involve matters of public concern. But "[t]he mere fact that a case is high profile in nature does not necessarily justify public access." *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d at 294. That is especially true when, as here, the United States has a compelling and overriding interest in preserving the integrity of an ongoing criminal and national security investigation. In an effort to balance these competing interests, the United States seeks to unseal redacted versions of the search warrant-related records, including the affidavit. The proposed redactions are designed to protect the privacy of interested parties, the integrity of an ongoing criminal investigation, and the national security aspects of this investigation. A copy of the proposed redacted affidavit will be submitted separately *ex parte* and under seal, along with an unredacted version of this response.

<u>CONCLUSION</u>

For the reasons stated above, the United States respectfully requests that the Court deny in part and grant in part the Press Movants' motion by adopting the United States' proposed redactions to the search warrant-related records.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By:  /s/_____

| | |
|---|---|
| Adam P. Barry | Thomas M. Sullivan |
| S. Derek Shugert | Robert I. Goldaris |
| Trial Attorneys | Assistant United States Attorneys |
| National Security Division | United States Attorney's Office |
| U.S. Department of Justice | District of Maryland |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that pursuant to Local Rule 102(c), a copy of the foregoing was electronically filed on September 3, 2025, with notice to all counsel of record.

By:   /s/_____
      Thomas M. Sullivan
      Assistant United States Attorney

9