**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE MOTION TO INTERVENE AND UNSEAL SEARCH WARRANT RECORDS | Case No.  8:25-mc-00539-TJS |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF THE PRESS MOVANTS' MOTION TO INTERVENE AND UNSEAL SEARCH WARRANT RECORDS**

In its Response to the Press Movants' Motion to Unseal ("Resp."), ECF No. 7, the government argued that "compelling reasons weigh against a blanket unsealing" of all records pertaining to the August 22, 2025 search of former presidential advisor John Bolton's residence, and the government proposed that redacted versions of the Search Warrant Records be released. On September 4, 2025, the Court accordingly granted the government's motion to unseal in part (1) the search warrant and its two attachments, (2) the warrant application, (3) the motion to seal the warrant-related records, (4) the order sealing the records, and (5) the property receipt. ECF No. 11.  Those materials, with the government's proposed redactions, have now been publicly docketed. ECF No. 11-1.  The government has also stated that it would move to partially unseal the search warrant affidavit, *see* Resp. at 2, but that motion has not yet been publicly docketed.

Releasing records with the government's proposed redactions is an important step toward transparency, but it is not the only step that the right of access requires.  Rather, because public access to court records "is a fundamental element of the rule of law, important to maintaining the integrity and legitimacy of an independent Judicial Branch," *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 663 (D.C. Cir. 2017), the Court "must independently determine" whether the government has met its burden to justify sealing, *Balt. Sun Co. v. Goetz*, 886 F.2d 60, 66 (4th Cir. 1989).  That independent analysis will determine whether the government has, in fact, demonstrated that "'countervailing interests heavily outweigh the public

1

interests in access.'" *Co. Doe v. Public Citizen*, 749 F.3d 246, 265-66 (4th Cir. 2014) (quoting *Rushford v. New Yorker Mag.*, 846 F.2d 249, 253 (4th Cir. 1988)).

Any portion of the Search Warrant Records for which the government cannot satisfy this demanding test should be unsealed, with the remainder redacted only to the extent the Court deems necessary to meet a compelling interest. *See United States v. Pelton*, 696 F. Supp. 156, 159 n.2 (D. Md. 1986) (noting that court would "carefully compare the redacted version [of a transcript] to the unredacted version for accuracy and to determine whether all the proposed deletions are necessary"). For example, the grounds for the government's proposed redactions to Attachment B to the search warrant (ECF No. 11-1 at 9-13) are not apparent on the face of that record, and the proposed redactions to Attachment A to the search warrant (ECF No. 11-1 at 8) appear overbroad given the government's official acknowledgment that it conducted the search in question at Bolton's home in Bethesda, Maryland, *see* Resp. at 2.

## CONCLUSION

For the foregoing reasons and those set out in their initial brief, the Press Movants respectfully request that the Court grant their motion to intervene and unseal the Search Warrant Records.

Dated:  September 10, 2025  

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Maxwell S. Mishkin*
Maxwell S. Mishkin (D. Md. Bar No. 20650)
Charles D. Tobin (D. Md. Bar No. 15919)
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200 | Fax: (202) 661-2299
mishkinm@ballardspahr.com
tobinc@ballardspahr.com

*Counsel for the Press Movants*